Affirmed and Memorandum Opinion filed June 1, 2006









Affirmed and Memorandum Opinion filed June 1, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00081-CR

____________

 

MANUEL DWAYNE
PARKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
351st District Court of

Harris County,
Texas

Trial Court Cause No.
1004081

 



 

M E M O R A N D U M    O P I N I O N

A jury convicted appellant Manuel Dwayne
Parker of the offense of aggravated sexual assault and sentenced him to
ninety-nine years confinement in the Texas Department of Criminal JusticeCInstitutional
Division.  In three issues, appellant
contends the trial court abused its discretion by overruling his objections to
the testimony of two witnesses, and by denying his request for a mistrial.  We affirm.








I.  Factual and Procedural Background

On January 28, 2004, R.R. and his then
seventeen-year-old daughter K.R. lived in an apartment complex in southeast
Houston.  At approximately 6:00 a.m.,
R.R. left his apartment and began walking to his car when he noticed a man that
appeared suspicious walking through the complex.  Although R.R. got into his car and began to
drive away, he decided to go back to the apartment check on K.R., who was seven
months pregnant.  K.R. informed him that
she was all right. 

Shortly after R.R. left for the second
time, K.R. was struck in the head with what she believed to be a hammer.  When she regained consciousness, her attacker
dragged her by the neck into her room. 
K.R. pleaded with him to let her go to the restroom and explained that
she was pregnant.  After a brief
struggle, K.R=s attacker removed K.R=s clothes.  He then instructed K.R. to put his penis in
her mouth.  Fearing for her life and for
the life of her unborn child, K.R. complied. 
He next penetrated her with his penis. 
When the attacker left the apartment, he stated that he planned to
return.  K.R. quickly opened the window
to her first-floor bedroom, jumped out, and ran to a neighbor=s house.  K.R.=s neighbor called
911 and K.R. was transported to the hospital. 
At the hospital, a rape kit was administered and semen from K.R was
collected.  Appellant=s DNA was
consistent with that found in K.R=s rape kit. 

Appellant was charged with one count of
aggravated sexual assault.  During the
guilt-innocence phase of the trial, the State called eleven witnesses,
including Dr. Victoria Sloan, a psychologist with whom K.R. met after the attack.  When Dr. Sloan was asked to recount K.R=s explanation for
coming to see her, appellant objected that the testimony was Acumulative and
repetitive.@ 
The trial court overruled the objection. 
During her testimony, Dr. Sloan mistakenly stated that K.R was able to
identify appellant at the time of the attack, and appellant objected.  The trial court sustained the objection and
instructed the jury to disregard the statement. 
Appellant then moved for a mistrial, which the trial court denied.  At the conclusion of the trial, the jury
found appellant guilty.








In the punishment phase, the State called
twelve witnesses, including Officer Keith McMurtry of the Houston Police
Department.  In his testimony, Officer
McMurtry explained how appellant became a suspect in the present case.  Appellant objected to the relevancy of
Officer McMurtry=s testimony, but was overruled by the
trial court.  The jury sentenced
appellant to ninety-nine years incarceration. 
This appeal ensued.

II.  Discussion

A.      Dr.
Sloan=s Testimony

In his first issue, appellant claims the
trial court abused its discretion in overruling his objection to the testimony
of Dr. Victoria Sloan.  At trial, the
State called K.R. to testify about the attack. 
When Dr. Sloan took the stand, the State asked the following:

THE STATE: Now, in October of 2004,
when [K.R.] first comes to see you, I=d like for you to kind of walk us through what it is that
she tells you.  But first, let me ask
you, is that part of what is necessary for you to make your diagnosis?

DR. SLOAN: Yes, it is very
important for me to hear the nature of the trauma and determine how severe and
horrific the experience was for the individual.

THE STATE: NowCand also in October of >04, just so the jury is kind of on
the same page, at that point has the perpetrator or the rapist been caught?

DR. SLOAN: No.

THE STATE: Okay.  So, if you can, tell us about what [K.R.]
explained to you that happened to her and the reason that she came to see you?

DR. SLOAN: [K.R.] explained to me
that she was at home, that she heard different noisesC

APPELLANT=S TRIAL COUNSEL: Excuse me,
Doctor.  Judge, I=m going to object to the
recitations of the events as cumulative and repetitive.

THE COURT: Overruled.








On appeal, however, appellant contends Dr.
Sloan=s testimony
amounted to improper bolstering of K.R.=s testimony and
inadmissible victim-impact evidence. Because his trial objections do not
comport with the issues he now raises on appeal, the issue is waived.  Tex.
R. App. P. 33.1; Banda v. State, 890 S.W.2d 42, 62 (Tex. Crim.
App. 1994) (en banc).  Accordingly,
appellant=s first point of error is overruled. 

B.      Motion
for Mistrial

In his second
issue, appellant argues the trial court abused its discretion in denying his
motion for mistrial.   Specifically,
appellant argues that the identity of the attacker was the only issue at trial,
and the following testimony Alikely left an
indelible impression in the minds of the jurors@:  

DR.SLOAN:  She stated that at one point she began toCshe prepared a meal for herself and
she sat, ate the meal and then afterwards went into the living room areaCwent into the living room
area.  And before she knew it she
experienced a very painful blow to her head. 
After this happened, she saw the DefendantC

APPELLANT=S TRIAL COUNSEL: Judge, I=m going to object to that.  That certainly is not the testimony.[1]

The trial court sustained the
objection.  Appellant then asked the
trial court to instruct the jury to disregard Dr. Sloan=s statement and
the trial court did so.  Appellant next
moved for a mistrial, which was denied.

We review the
trial court=s denial of a motion for mistrial under an
abuse of discretion standard.  Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  A mistrial will rarely be granted when
improper testimony is elicited because a motion to disregard will generally
cure any harm.  Id.  We presume the jury followed the court=s instruction to
disregard.  Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998) (en banc). 








It is well settled
that improper remarks can be rendered harmless by an instruction to disregard
by the trial judge, unless it appears the evidence was so clearly calculated to
inflame the minds of the jury or is of such damning character as to suggest it would
be impossible to remove the harmful impression from the jury=s mind.  Kemp v. State, 846 S.W.2d 289, 308
(Tex. Crim. App. 1992) (en banc); see also Stoker v. State, 788 S.W.2d
1, 13 (Tex. Crim. App. 1989) (en banc). 
This is not the case here.  
Although, Dr. Sloan did refer to K.R.=s assailant as Athe Defendant,@ t he reference
was not so inflammatory as to undermine the efficacy of the trial court=s instruction to
disregard.  See Kemp, 846 S.W.2d
at 308.  Moreover, as discussed above, we
presume the jury follows the court=s instructions and
there is no evidence to suggest the jurors did not do so in this case.  Colburn v. State, 966 S.W.2d 511, 520
(Tex. Crim. App. 1998) (en banc). 
Appellant=s second issue is overruled.

C.      Officer
McMurtry=s Testimony

In his third
issue, appellant argues the trial court abused its discretion in overruling his
objection to the relevance of Officer McMurtry=s testimony at the
punishment phase of trial.  Specifically,
he argues that Officer McMurtry=s testimony
detailing numerous other sexual assaults and a robbery that had taken place in
the area where K.R. was sexually assaulted was unfairly prejudicial[2]
and irrelevant.  Appellant presents no
legal authority to support his contention as he is required to do pursuant to
Rule of Appellate Procedure 38.1(h).  As
such, this point of error is inadequately briefed.  Hankins v. State, 132 S.W.3d 380, 384
(Tex. Crim. App. 2004), cert. denied, 543 U.S. 944 (2004). 








Even if this issue
were adequately briefed, appellant=s argument still
fails.  Appellant concedes that at the
punishment phase of trial, evidence may be presented on any matter the court
deems relevant to sentencing, including evidence of the defendant=s background and
character.  Tex. Code Crim. Proc. art. 37.07 ' 3(a)(1) (West
2005).  Moreover, the State is permitted
to present evidence of an extraneous crime or bad act Athat is shown by a
reasonable doubt to be committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act.@  Id. 
The Court of Criminal Appeals has held that the relevance of evidence
presented during the punishment phase is determined by what is helpful to the
jury.  Erazo v. State, 144 S.W.3d
487, 490 (Tex. Crim. App. 2004).

In the present
case, Officer McMurtry
testified that appellant became a suspect after he reviewed other sexual
assault cases that were committed in the same manner and in the same
neighborhood.  By the time Officer
McMurtry testified, two of the victims of appellant=s previous assaults had already
identified appellant as their assailant and DNA evidence was presented which
linked appellant to those assaults. 
Officer McMurtry=s testimony simply offered a road map to the jury as to how
all of the evidence came together and implicated appellant.  Accordingly, appellant=s third point of error is overruled.

For the foregoing reasons we affirm
the trial court=s judgment.

 

 

 

/s/      Eva M.
Guzman

Justice

 

 

 

Judgment
rendered and Opinion filed June 1, 2006.

Panel
consists of Justice Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant was
not identified as K.R=s attacker until some time after she related her
version of events to Dr. Sloan.





[2]  At trial,
appellant did not object that Officer McMurtry=s
testimony was unfairly prejudicial. 
Therefore, we will not address that portion of appellant=s claim.  Tex. R. App. P. 33.1.